## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**CARLOS ANTONIO ROMERO**　　　　\*
**MENDEZ,**

　　　　　　　　　　　　　　　　　　\*

　　　　**Petitioner,**

　　　　　　　　　　　　　　　　　　\*

**v.**　　　　　　　　　　　　　　　　　　　　　**Civ. No. DLB-26-64**

　　　　　　　　　　　　　　　　　　\*

**VERNON LIGGINS,** *Acting Field*
***Office Director of Baltimore***, *et al.*,　　\*

　　　　**Respondents.**　　　　　　　\*

### ORDER

Carlos Antonio Romero Mendez, who is from El Salvador, entered this country unlawfully and has resided here for over 20 years. ECF 1, ¶ VI(A). He has four children, all of whom are U.S. citizens. *Id.* ¶ VI(E). His mother also is a U.S. citizen. *Id.* ¶ VI(F). He works full-time. *Id.* ¶ VI(E). He pays his taxes. *Id.* He has no criminal record. *Id.* ¶ VI(G).

Immigration and Customs Enforcement detained Romero on January 7, 2026. Since then, Romero has been detained without the opportunity for a bond hearing at which he could seek to establish that he is neither a flight risk nor a danger to the community.

On January 13, 2026, the Court granted in part Romero's petition for a writ of habeas corpus. ECF 7. The Court determined that Romero was "detained under 8 U.S.C. § 1226(a) and [was] not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 2. The Court ordered that Romero receive an initial determination by an immigration officer regarding bond or detention within five days, and, if he was not released on bond by the immigration officer, that he receive a bond hearing before an immigration judge within seven days. The Court further ordered that if Romero was "not provided both forms of process within the time frames ordered above, the

respondents SHALL RELEASE Romero from custody." *Id.* at 3. The Court retained jurisdiction to enforce compliance.

On January 13, 2026, an immigration officer performed an initial custody determination for Romero and determined that Romero should remain detained.

On January 16, 2026, Romero filed an emergency motion to enforce the Court's January 13 Order. ECF 8. Romero stated in his motion that a hearing had been held in immigration court on January 16, 2026, during which the immigration judge denied bond on the basis that it lacked jurisdiction to conduct a bond hearing.

Later that day, the Court held a telephonic status conference, during which counsel for the respondents conceded that, if the immigration judge continued to deny Romero bond on the basis that the judge did not have jurisdiction, Romero would not receive the process to which this Court's January 13 Order entitles him, and the Order would require his release after January 20, 2026 (seven days after the Court's original Order). During this conference, counsel for the respondents stated that the Department of Homeland Security (DHS) had filed a motion with the immigration court to reconsider its order denying bond. The Court held the petitioner's emergency motion to enforce the Court's Order in abeyance pending the outcome of that reconsideration motion and directed the parties to file a status report by January 21, 2026 at 9:30 a.m.

The parties filed status reports. ECF 10 & 11. The immigration judge "denied DHS's Emergency Motion to Reconsider and issued an Order denying bond for lack of jurisdiction." ECF 10, at 2. According to that order, the immigration court denied a "custody redetermination" because "[t]he Court lacks jurisdiction," and "[i]f the Court had jurisdiction, [it] would have denied bond finding the Respondent is a flight risk." ECF 10-3.

In finding it had no jurisdiction over Romero's custody redetermination request, the immigration judge likely relied on a recent decision by the Board of Immigration Appeals finding that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection, such as the petitioner. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025). The Court disagrees with the holding in *Yajure Hurtado* and agrees with its colleagues in this district (and around the country) that *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7 (W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *5 (C.D. Cal. Nov. 19, 2025).

In the January 13 Order, the Court held that Romero was detained pursuant to § 1226(a), not § 1225(b)(2). Under § 1226(a), Romero is entitled to a bond hearing before an immigration judge. The Court's Order directed that Romero be afforded a bond hearing at which the immigration court would make a determination on the merits about Romero's release or continued detention. No such hearing has taken place. Accordingly, Romero has not been provided the process due him under this Court's Order within the time frame this Court directed.[1]

---

[1] The immigration court's alternative reason for denying the bond hearing—that, if it had jurisdiction, it would have denied Romero bond because he is a flight risk—is of no moment. The immigration court never held a bond hearing at which it adjudicated the merits of Romero's request for release. The immigration judge's advisory opinion that Romero is a flight risk—in a case in which the judge concluded that the court lacked jurisdiction to even decide the issue—is not the process required by the Court's Order.

Accordingly, it is this 21st day of January, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Romero's motion to enforce, ECF 8, IS GRANTED, as follows:

    a. By no later than 12:00 p.m. Eastern Time on January 22, 2026, the respondents SHALL RELEASE Romero from detention;

    b. The respondents SHALL FILE a status report immediately following Romero's release; and

(2) The Clerk SHALL SUBSTITUTE Vernon Liggins for Matthew Elliston on the docket, pursuant to Fed. R. Civ. P. 25(d).


_____
Deborah L. Boardman
United States District Judge